## ZINTER HANDLING, INC., Plaintiff–Appellant,

v.

## GENERAL ELECTRIC COMPANY, Joseph DeConno, J.C. MacElroy Co., Inc., Bart Spota, Defendants–Appellees.

No. 07–4925–cv.

United States Court of Appeals, Second Circuit.

Oct. 7, 2008.

of New York, sitting by designation.

John B, DuCharme, Berger, DuCharme, Harp & Clark, LLP, Clifton Park, N.Y., for Plaintiff-Appellant.

William E. Reynolds (Arthur Siegel, on the brief), Bond, Schoeneck & King, PLLC, Albany, N.Y., for Defendants-Appellees, General Electric Co. and Joseph DeConno.

Brian Breedlove (Carrie McLoughlin Noll, on the brief), Pennock, Breedlove & Noll, LLP, Clifton Park, N.Y., for Defendants-Appellees, J.C. MacElroy Co. and Bart Spota.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Plaintiff-Appellant Zinter Handling, Inc. ("Zinter") appeals from the judgment of the United States District Court for the Northern District of New York (Sharpe, *J.*) granting summary judgment for General Electric Co., Joseph DeConno, J.C. MacElroy Co., and Bart Spota ("Appellees") on federal Lanham Act and related state law claims, and declining to exercise supplemental jurisdiction over additional state law claims. Zinter also appeals from the District Court's denial of Zinter's motion for reconsideration and its award of attorneys fees to General Electric with respect to the motion. We assume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

At oral argument, Zinter chose to withdraw its claim under the Lanham Act, 15 U.S.C. § 1125, when faced with the question as to whether *Dastar Corp. v. Twentieth Century Fox Film Corp.,* 539 U.S. 23, 123 S.Ct. 2041, 156 L.Ed.2d 18 (2003), bars that claim independently of the question of ownership over the disputed drawings. With this concession, the only direct basis for federal jurisdiction no longer exists. The District Court could entertain the remaining state law claims on remand based on supplemental jurisdiction. 28 U.S.C. § 1367. But in view of serious questions with respect to the ownership of the drawings—questions that are no longer necessary to the resolution of the only federal cause of action in this case—and in view of

126

the fact that the District Court previously declined supplemental jurisdiction over those state law causes of action that it did not find it necessary to reach, we deem it appropriate to have all the state causes of action dismissed without prejudice to their consideration in state court. *Id.* § 1367(c).

We therefore dismiss Zinter's Lanham Act claims, vacate the District Court's order of summary judgment, and remand with instructions to dismiss all the state law claims without prejudice. In addition, we vacate the District Court's grant of attorneys' fees and costs to General Electric for expenses incurred in opposing Zinter's motion for reconsideration, as these fees were not awarded under the Lanham Act, 15 U.S.C. § 1117(a), or any stated alternative statutory or other authority.

Zinter's Lanham Act claim is DISMISSED, the remaining orders of the District Court with respect to summary judgment and attorneys' fees are VACATED, and the state law claims are REMANDED to the District Court to be dismissed without prejudice.